UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


VALARIE MILLER,

               Plaintiff,                         CIVIL ACTION NO. 05-40310

               v.                             DISTRICT JUDGE PAUL V. GADOLA

McKINLEY INC., LAWRENCE M.        MAGISTRATE JUDGE VIRGINIA MORGAN
GARNER, GARNER PROPERTIES
& MANAGEMENTS, TAYLOR
COMMUNITY DEVELOPMENT CO.
a/k/a THE TERRACES AT THE
VILLAGES OF TAYLOR, CITY OF
TAYLOR, CITY OF TAYLOR POLICE
DEPARTMENT, and CPL. MacDONALD,
in his individual and official capacities,
all jointly and severally,

               Defendants.
_____/

## REPORT AND RECOMMENDATION

      This matter is before the court on summary judgment motions filed by the defendants.

Oral argument was held before the magistrate judge on February 5, 2007. Discovery is closed.

For the reasons discussed in this Report, it is recommended that the motions be granted and the

case dismissed.

      This case arises out of plaintiff's rental of a condominium unit in Taylor, Michigan.

Plaintiff Valerie Miller bases her complaint on fair housing violations, violations of her civil

- 1 -

rights, and civil conspiracy against all defendants.[1]  She alleges that she was discriminated against by defendants because she is African-American.  Although other African-American residents live in the complex, plaintiff claims that she was discriminated on account of her race as her unit was subsequently rented to a white person.  Defendants argue that the condominium rules disqualify a person from occupying a unit if she has felony convictions in the preceding five years.  Because plaintiff had two such convictions (a finance violation and retail fraud dating from 1999)[2], she was disqualified from renting and it was for that reason, not because of her race, that she was told to vacate the premises.

        In June, 2004, plaintiff completed a rental application to lease a condominium in the City of Taylor, at 16109 Terrace Village Drive, Taylor.  The unit was owned by Jackie Glenn who authorized the rental to be handled through rental agent Lawrence Garner, d/b/a Garner Properties & Management.  The whole condominium complex was in transition from an apartment complex to condominiums.  During the relevant time period, it was managed for the condominium association by McKinley Inc.  (DE 55-1, ¶4)  Plaintiff moved into the unit on or about July 12, 2004 and Garner gave her a key to the unit and two credit-card type parking passes to access the gated parking lot.  McKinley did not provide her the parking passes or other information.  This was handled by Garner.  Plaintiff states that her parking passes stopped

---

        [1]Per plaintiff's second amended complaint, state law claims related to this case are pending in Wayne County Circuit Court (Case No. 05-526867).

        [2]Plaintiff has two other felonies, dating from the early 90s.  Although she testified regarding a third in 2001, that is not on her record and appears to be her mis-recollection.

working properly shortly after she moved in, although she could always access the parking area by asking the gate attendant or otherwise.  The attendant advised her that the passes may be old or scratched.

On or about August 3, 2004, plaintiff went to the McKinley office to get the passes replaced or repaired, and at that time a McKinley employee asked her to sign a Release for a Criminal Background Inquiry.  The Purchaser Information Booklet for the Terraces Condominium provided that condominium units may not be owned or occupied by any person who has, within the previous five years, been convicted of a felony.  (DE 55-Exhibit D; Art VI, section I (e))  It is unclear whether Garner or anyone gave her the Booklet or advised her of the qualification prior to move in. Plaintiff signed the Release for the Criminal Background, and it was faxed to the Taylor Police Department for review under the applicable criteria.  The Taylor Police Department returned the form marked "denied."

Plaintiff states that on or about August 6, 2004, she could not enter her unit as her locks were changed by defendant Garner.  Garner denies changing any locks until late September, after a default judgment was entered against her by the state court.  Plaintiff also alleges that on or about August 6, she was advised by a McKinley employee that she could not remain on the premises and to contact the Taylor police department if she had questions.  Plaintiff contacted the Taylor Police Department and Officer MacDonald returned her call, leaving a message to the effect that he would give her an explanation of why she was not allowed back on the property and that she could get a police escort to get her belongings.  (DE 55, Exhibit G)  Plaintiff now sues for race discrimination.

- 3 -

*Legal Analysis*

Summary judgment is governed by F.R.Civ.P. Rule 56.  On a motion for summary judgment, the moving party bears the initial burden of establishing that there is no "genuine issue as to any material fact" and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  In determining whether or not there are issues of fact necessitating trial, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [its] favor."  Anderson, 477 U.S. at 255 (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970)); *see also* Smith v. Hudson, 600 F.2d 60, 64 (6th Cir. 1979).  Once the moving party presents sufficient evidence to support the motion, the burden shifts to the adverse party to set forth specific facts showing a genuine triable issue.  Fed. R. Civ. P. 56(e); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989); Gregg v. Allen-Bradley Co., 801 F.2d 859, 861 (6th Cir. 1986).  The nonmovant "must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'"  Street, 886 F.2d at 1479, *citing* Anderson, 477 U.S. at 257.  Conclusory allegations are insufficient to withstand a motion for summary judgment.  McDonald v. Union Camp Corp., 898 F.2d 1155, 1162 (6th Cir. 1990).

Plaintiff's claim is for racial discrimination in her occupancy of condominium unit.  The Fair Housing Statute, 42 U.S.C. §§ 3601, 3604 et. seq, makes it unlawful to discriminate against any person in the sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, on the basis of race, color, sex, religion, familial status, national origin, or

- 4 -

handicap.  Plaintiff also grounds her complaint on 42 U.S.C. §1981 and 1982.  Courts have

required the same standard of proof under all of these statutes.  Shaw v. Cassar, 558 F.Supp. 303,

312 (E.D. MI 1983)  For such cases, courts have adopted the analysis of McDonnell Douglas

Corp. v. Green, 411 U.S. 792 (1973), the same standard applicable in employment discrimination

cases.  See, Selden Apts v. Dept of Housing and Urban Development 785 F2d 152, 159 (6th Cir

1986).  As is discussed below, this requires plaintiff to establish a *prima facie* case and then the

burden shifts to the defendant to articulate a neutral, non-discriminatory reason for its action.

Plaintiff has also alleged violations of 42 U.S.C. §1983 against the municipal defendants

(City of Taylor, its police department, and Corporal MacDonald).  Section 1983 provides redress

when a person acting under color of law deprives the plaintiff of rights guaranteed by the

Constitution or federal laws.  In any Section 1983 action, the initial inquiry must focus on

whether two essential elements are present:  whether the conduct complained of was committed

by a person acting under color of state law; and whether this conduct deprived the person of

rights, privileges or immunities secured by the Constitution or laws of the United States.  42

U.S.C. §1983; Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908 (1981); Gomez v. Toledo, 446

U.S. 635, 640, 100 S.Ct. 1920, 1923 (1980); Jones v. Duncan, 840 F.2d 359, 361-62 (6th Cir.

1988).  Absent either element, a Section 1983 claim will not lie.  Christy v. Bandlett, 932 F.2d

502, 504 (6th Cir. 1991).

Section 1983 is not itself a source of substantive rights; rather it is a means of vindicating

federal rights established elsewhere.  Albright v. Oliver, 510 U.S. 266, 271 (plurality opinion,

citing Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)) A municipality may be liable for

- 5 -

damages under §1983 for violations of federal law that occur pursuant to an official government policy or custom.  Monell v. Dept of Social Services, 436 658, 690-91 (1978).

Plaintiff also alleges a civil conspiracy claim under 42 U.S.C. §1985.  The case law is well settled that a §1985 complaint must allege facts showing the existence of a conspiracy. Glosspoole v. Albertson, 441 F.2d 1090, 1092 (8th Cir. 1974); McLellan v. Mississippi Power and Light Co., 545 F.2d 919 (5th Cir. 1977).  In addition, in order to state a cause of action under §1985(3), it is necessary to allege a denial of equal protection or equal privileges and immunities.  The basic prerequisite to support such a claim is the requirement of a racial, or otherwise class-based, invidious discriminatory animus behind the defendant's conspiratorial actions.  This means, according to the Court of Appeals for the First Circuit, that a plaintiff must "allege facts showing that the defendants conspired against the plaintiffs because of their membership in a class and that the criteria defining the class were invidious."  Harrison v. Brooks, 519 F.2d 1358 (1st Cir. 1975); Hahn v. Sargent, 523 F.2d 461 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976). No claim lies under §1986 except upon the basis of a valid claim under §1985.  Id.

*Motion by McKinley, Inc. And Taylor Community Development Company (TCDC) a/k/a The Terraces at the Village of Taylor*

Plaintiff alleges violation of the Fair Housing Act and Civil Conspiracy against these defendants.  She seems to allege that McKinley changed her parking passes, thus depriving her of access to the common lot and grounds.

- 6 -

Plaintiff bases her claim against TCDC on the actions of its agent, McKinley Inc. McKinley has submitted the affidavit of Stephen Palms, the Executive vice-President/ General Counsel for McKinley, to the effect that TCDC had no involvement with the instant unit. However, based on the Purchaser Booklet and TCDC's Annual Report filed with the State of Michigan, McKinley is the agent for TCDC.  Other than through McKinley, defendant Taylor Community Development Company (TCDC) a/k/a The Terraces at the Village of Taylor had no involvement in the management of the complex at the times pertinent to this lawsuit.  (DE 55-10).

Defendants argue that plaintiff has failed to establish a *prima facie* case of housing discrimination.  As noted above, courts have adopted for fair housing claims the McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) standard applicable in employment discrimination cases.  See, Selden Apts v. Dept of Housing and Urban Development 785 F2d 152 (6th Cir 1986).  As set forth in Selden, 785 at 159, to state a prima facie case of housing discrimination, plaintiff must show the following:

1.  That she is member of protected class

2.  That she applied for and was qualified to rent or purchase certain property or housing;

3.  The she was rejected.

4.  That the housing or rental property remained available thereafter.

Here, plaintiff is a member of the protected class of African-Americans.  She did apply for housing and, indeed, occupied the unit for some period of time.  She was not rejected until such time as the criminal history form was returned.  Because plaintiff had felony convictions

within five years, she was not qualified to occupy the unit.  Since convicted felons are not a

protected class, it is not improper for the qualifications to so limit occupancy.   Thus, plaintiff

cannot establish a *prima facie* case.  It does not matter to whom the unit was rented after her

right to occupancy was terminated.

Guidance in this case is provided by the decision in <u>Mensor v. Princeton Square Apts</u>.,

288 F.3d 631 (6th Cir. 2000).  There the court found that plaintiffs failed to establish a *prima*

*facie* case of discrimination when they failed to establish that they were otherwise qualified.

Mrs. Mensor was Caucasian; her husband was African-American.  Plaintiffs claimed that Mr.

Mensor spoke to the landlord several times alone and there was no problem.  However, when the

landlord realized that Mrs. Mensor was Caucasian, the landlord's attitude changed and they were

not allowed to rent.  What the landlord told them was that they did not meet the income

requirements and apparently they did not, in fact, have income as per the requirement.  The court

held that the income qualification was race-neutral, and because they did not meet the

qualification, they could not make a *prima facie* case.  Likewise here, the criminal background

check was race-neutral and is not shown to be otherwise impermissible.  The release forms did

not specify race and the responses did not convey any racial information.  If the person had a

felony within five years, the form was simply returned marked "denied."[3]  Plaintiff was initially

permitted to occupy the unit and was only asked to leave when the check revealed that she was

---

[3]Plaintiff had the form with her name, and two other individuals whose checks were run
at the same time.  The court conducted an in-camera inspection of other forms, approximately 50
to 100, with other names.  No racial identification was contained on any form and it appears that
the forms were used routinely as to all occupants of the units.

not qualified for occupancy because of her criminal record.  Other African-Americans resided in the complex.  Based on the undisputed facts, plaintiff has failed to establish her claim and summary judgment should be granted on this claim.

Plaintiff also alleges a civil conspiracy against these defendants.  Because plaintiff has failed to allege facts supportive of racial discrimination as discussed above, there is no conspiracy under  42 U.S.C. §1985 and §1986.  Summary judgment should be granted defendants McKinley and TCDC.

*Motion by the Municipal Defendants*

Plaintiff alleges violation of the Fair Housing Act, 42 U.S.C. §1983, and civil conspiracy against these defendants.  It is undisputed that none of the municipal defendants–City of Taylor, Taylor Police Department, and Corporal MacDonald–owned, managed, or rented the condominium unit at issue.  The only involvement of these defendants was running the background check and MacDonald's response to plaintiff's inquiry to the Taylor police.  Plaintiff had no contact with MacDonald before August 6, 2004.  She never told Corporal MacDonald or anyone at Taylor Police Department her race, marital or family status.

Initially, it should be noted that Taylor Police Department is not an entity capable of being sued.  It is not independent of the municipality and all separate claims against it must be dismissed.  Michonski v. City of Detroit, 162 Mich App 485, Reese v. Chicago Police Dept. 602 F.Supp. 441 (N.D. IL 1984).

Next, the claims against the City must be dismissed.  The City of Taylor is liable only if the plaintiff's alleged injuries were the result of an unconstitutional practice, policy, or custom of

- 9 -

the City.  Monell v. Dept of Social Services, 436 U.S. 658 (1978), Matthew v. Jones, 35 F.3d

1046, 1049 (6th Cir. 1994).  There is no *respondeat superior* liability under Monell; employment

of the tortfeaser is not enough.  The policy, custom, or practice must be the moving force behind

the constitutional violation.  See, City of Newport v. Fact Concerts, 453 U.S. 247 (1981)

Plaintiff alleges in Count IV that the municipal defendants have a policy, practice, and custom of

singling out African Americans with regard to housing through unfair and discriminatory

treatment and harassment.  She alleges in Count V that there is a conspiracy to interfere with her

rights.  However, there is no evidence of any of these allegations, or how such policies would be

the moving force behind any violation.  Plaintiff applied for and was granted occupancy of the

unit without any police involvement.  She signed a release at McKinley's request granting the

municipal defendants permission to do a criminal records check. This form did not identify her

race, and was returned marked only "denied."[4]  When notified of the denial by the McKinley

employees, she called Corporal MacDonald.  He  responded to her telephone call, offering both

an explanation and a police presence for her to remove her things.  In addition, he even

suggested an alternative place for her to live, and advised her that the complex across the street

(also in Taylor) had no policy of barring recently convicted felons from residing there.  There is

no showing of any discriminatory behavior–it appears that McDonald only responded

appropriately and tried to assist her.  The municipal defendants are entitled to summary

judgment.

_____

[4]Backgrounds on two other individuals were requested on the same form.  It is believed
that these persons were also African-Americans.  Their backgrounds were approved.

*Motion by Lawrence M. Garner*

Lawrence Garner is the rental agent for Jackie Glenn.  Originally a defendant, Glenn has been dismissed.[5]  Plaintiff alleges violation of the Fair Housing Act and civil conspiracy against Garner.  Garner met with plaintiff on June 8, 2004 to complete a rental application for Glenn's unit.  Garner notes that the restriction was not imposed by him or Glenn and claims that he was not chargeable with knowledge or enforcement of such restriction.  He also questions the validity of the restriction because it seeks to limit occupancy and seeks to exclude certain applicants, but notes that he had nothing to do with it and cites no cases that render it invalid.  For example, he submits, an applicant who was convicted of felony tax evasion, even though the crime is non-violent, non-life threatening, and has no bearing on the physical safety of any occupant.  He further alleges that he did nothing to restrict plaintiff's occupancy, not even changing the locks until after he had obtained a state court judgment for possession.

Defendant raises an interesting question with respect to whether the prohibition on convicted felons is reasonable.  The Act permits a governmental entity to impose reasonable occupancy standards.  Here, the standard was imposed while the complex was in transition from apartments to condominiums.  Reasonable occupancy standards have been raised mainly in the area of the maximum number of persons occupying the premises, where a government entity has placed limitation on the number of persons to prevent overcrowding.  See, Schwemm, Housing Discrimination Law and Litigation, §9.6 HDISLL 9.6, Fair Housing Advocates Ann'n v. City of Richmond Heights, Ohio, 209 F.3d 626, 633-37, 200 Fed. App. 132P (6th Cir 2000).

_____

[5]According to counsel, there is a pending state court action between Glenn and Garner.

In Allen v. Muriello, et al, 217 F.3d 517 (7th Cir. 2000), Mr. Allen, a black applicant for federal housing assistance brought a civil rights action against the city housing authorities and its employees, alleging discrimination on the basis of his race. The appellate court found that plaintiff had presented a *prima facie* case of race discrimination and fact issues existed as to whether the Housing Authority had treated him differently from white applicants. Mr. Allen was denied application in Section 8 housing because background checks revealed that he was a convicted felon. However, he was not (his name turned up as an alias of someone else) and he was not told how to correct the mistake. Defendants refused to give him a copy of the document reflecting his denial. The court found that he was treated differently from white applicants, reversed the lower court's grant of summary judgment, and remanded the matter for further proceedings. The case was ultimately settled.

The court in Allen noted that in Section 8 housing (which it appears that the instant complex was or may have been transitioning), applicants to the program who fit the necessary criteria (low income, elderly, or disabled) pay rent for privately owned housing. Applicants are ineligible if they have been arrested for violent or drug-related crimes within three years of their application or convicted of these crimes such that their probation or jail time extends to within five years of their application. This restriction was what gave rise to Mr. Allen's discrimination. The court mentioned the restriction but did not discuss its legitimacy.

In this case, it is unclear whether the issue of no convicted felons was a governmental or private restriction. While it may also be possible that the prohibition on convicted felons has an unlawful impact on racial minorities and/or is overbroad, this is not the issue litigated by

- 12 -

plaintiff.  By all parties concession, other African Americans lived at the complex.  Plaintiff has not shown that the criteria was applied in a discriminatory manner or that she was discriminated against because of her race.  Thus, there are not grounds to deny any defendant summary judgment on the Fair Housing claims.

Garner has submitted evidence that he did not change any locks until after a state court judgment gave him possession.  Plaintiff says that he did so earlier but has offered no proof.  Even if he did so, the most that plaintiff would establish would be a violation of state landlord-tenant law.  That case has already been litigated, with plaintiff obtaining a lawyer after the default was entered and the parties settling the case.  There is no evidence that would show Garner's action to be part of civil conspiracy to discriminate against plaintiff because of her race; indeed, he was the one who sought to facilitate her rental.  Thus, summary judgment should be granted to him on this claim.

For all the reasons discussed above, it is recommended that the defendants' be granted summary judgment and the case dismissed, without fees or costs to plaintiff.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to

this Report and Recommendation.  <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir.

1991); <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987).

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this

magistrate judge.

      Within ten (10) days of service of any objecting party's timely filed objections, the

opposing party may file a response.  The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court.  The response shall address

each issue contained within the objections specifically and in the same order raised.


               s/Virginia M. Morgan
               Virginia M. Morgan
               United States Magistrate Judge


Dated: February 15, 2007

**<u>PROOF OF SERVICE</u>**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on February 16, 2007.

<u>s/Jane Johnson</u>
Case Manager to
Magistrate Judge Virginia M. Morgan
