UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VALARIE MILLER,

              Plaintiff,                                           CIVIL CASE NO. 05-40310

v.                                                   HON. PAUL V. GADOLA

MCKINLEY INC.; LAWRENCE M. GARNER;
GARNER PROPERTIES & MANAGEMENT;
TAYLOR COMMUNITY DEVELOPMENT CO., a/k/a
THE TERRACES AT THE VILLAGES OF TAYLOR;
CITY OF TAYLOR; CITY OF TAYLOR POLICE
DEPARTMENT; and CPL. MACDONALD, in his
Individual and Official Capacities, All Jointly and Severally,

              Defendants.
_____/

## ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before this Court are Defendants' motions for summary judgment and Magistrate Judge

Virginia M. Morgan's Report and Recommendation, recommending that this Court grant

Defendants' motions. The Magistrate Judge served the Report and Recommendation on the parties

on February 15, 2007, and notified the parties that any objections must be filed within ten days of

service. Plaintiff filed timely objections to the Report and Recommendation, when taking into

account the additional three-day allotment for service under Federal Rule of Civil Procedure 6 and

Local Rule 6.1. Defendants filed timely responses.

On July 24, 2007, this Court entered a stipulated order dismissing Defendants McKinley,

Inc., a/k/a McKinley & Associates, a/k/a McKinley Management; Jackie Glenn; Lawrence M.

Garner; Garners Properties; and Taylor Community Development Co., a/k/a The Terraces at the

Villages of Taylor. The parties stipulated to the dismissal of these Defendants, indicating that the

1

dispute with regard to those parties had been amicably resolved pursuant to a settlement agreement. The only Defendants that remain in the case are Defendants City of Taylor; City of Taylor Police Department; and Cpl. MacDonald.

For the reasons stated below, the Court overrules Plaintiff's objections and adopts the Magistrate Judge's Report and Recommendation, granting Defendants' motion for summary judgment.

## I.      Background

This case centers on a claim of housing discrimination.  Plaintiff Valarie Miller is an African-American single mother of four children, and has been convicted of multiple felonies since 1999.  Defendant McKinley, Inc. is a company which acts as an agent of Taylor Community Development Corporation ("TCDC").  Until December 1, 2004, McKinley supervised the open areas and conducted oversight of the management of the individual condominiums of the Terraces Condominium complex, located in the City of Taylor, Wayne County, Michigan.  Defendant Lawrence Garner, an individual, does business through the company Garner Properties & Management and manages individual condominium units.

In June 2004, Plaintiff completed a rental application with Defendant Garner to lease a Terraces Condominium unit located at 16109 Terrace Village Drive in the City of Taylor, Michigan. All leases of condominiums at the Terraces complex are governed by TCDC's Purchaser Information Booklet.  Article VI, Section I (e) of the Booklet states in pertinent part:

> No condominium unit may be owned or occupied by any person who has, within a period of five (5) years immediately preceding an attempt to own or occupy a condominium unit, been convicted in any court of any state or county of an offense punishable by imprisonment for more than one (1) year . . . .

Def. McKinley Mot. Sum. Judg., Exh. D, p.23 (Sept. 21, 2006).

2

On July 10, 2004, the lease agreement was finalized and Plaintiff moved into the unit. Garner gave Plaintiff a key to the unit and two credit-card type parking passes to access the gated parking lot. Shortly after moving in, Plaintiff alleges that her parking passes stopped working properly, although she could always access the parking area by asking the gate attendant. When she inquired about why her passes were not working, the attendant advised Plaintiff that the parking passes may be old or scratched.

On or about August 3, 2004, Plaintiff went to the McKinley office to get her passes replaced or repaired. At that time, a McKinley employee asked Plaintiff to sign a release for a criminal background inquiry. Plaintiff signed the release, and it was faxed to the Taylor Police Department for review. Because of Plaintiff's disqualifying felony convictions, the Taylor Police Department returned the form marked "denied." It is Defendants' position that Plaintiff's felony convictions rendered her ineligible to continue occupying her condominium unit.

Plaintiff alleges that on or about August 6, 2004, she could not enter her unit because her locks had been changed by Garner. Garner denies changing any locks until late September, after a default judgment was entered against Plaintiff by the state court. Plaintiff also alleges that on or about August 6, she was advised by a McKinley employee that Plaintiff could not remain on the premises and that she should contact the Taylor Police Department if she had any questions. Plaintiff contacted Defendant Taylor Police Department and spoke with Defendant Corporal John MacDonald. Shortly thereafter, Defendant MacDonald made a return phone call, leaving a message indicating that he would give Plaintiff an explanation as to why Plaintiff was not allowed back on the property and that Plaintiff could get a police escort to get her belongings. Additionally, Defendant MacDonald suggested to Plaintiff the alternative housing across the street from the

Terraces complex, as it had no bar to convicted felons as occupants.

Plaintiff began this suit in federal court on August 8, 2005, and an amended complaint was filed on September 30, 2005. The amended complaint alleges five counts against Defendants. Counts I, II, III, and V are alleged against all Defendants, while Count IV is directed against the municipal Defendants, namely the City of Taylor, the City of Taylor Police Department, and Corporal MacDonald. As mentioned above, only the municipal Defendants remain in this case.

Upon the close of discovery, Defendants, in three separate groups, each filed a motion for summary judgment. Plaintiff then filed a combined response to all three motions. Subsequently, Plaintiff filed a motion to compel discovery. This Court referred Defendants' motions for summary judgment and Plaintiff's motion to compel to Magistrate Judge Virginia M. Morgan. Magistrate Judge Morgan held a hearing on the motion to compel on December 20, 2006. Shortly thereafter, the Magistrate Judge partially granted the motion to compel and required Defendants to produce documents to the Court for an *in camera* inspection. On February 5, 2007, Magistrate Judge Morgan then held a hearing regarding the Defendants' summary judgment motions. On February 15, 2007, Magistrate Judge Morgan filed a Report and Recommendation with the Court recommending that the motions for summary judgment be granted with respect to all parties and that the case be dismissed. In particular, the Magistrate Judge found that Plaintiff had failed to establish a violation of the Fair Housing Act, had thus failed to establish the existence of a civil conspiracy, and had further failed to show a policy or custom on the part of the municipal Defendants permitting discriminatory conduct against Plaintiff. Plaintiff subsequently filed objections to the Report and Recommendation on March 5, 2007. Defendants filed timely responses to the objections.

## II.     Standard of Review

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the Report and Recommendation, the Court reviews those portions *de novo*. *Lardie*, 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, or any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). Here, because Plaintiff filed objections, this Court reviews *de novo* those portions to which an objection has been made. *See Lardie*, 221 F. Supp. 2d. at 807.

*De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie*, 221 F. Supp. 2d at 807. If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a *de novo* review of the record and adopts the Report and Recommendation. *See id.*; 12 Wright, Federal Practice §

3070.2. Because Plaintiff has filed objections to the Magistrate Judge's Report and Recommendation, this Court will review the record *de novo*.

### III.    Analysis

Plaintiff first brings a claim of violations of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* The seminal case on this issue from the Sixth Circuit Court of Appeals is *Selden Apartments v. Dep't of Housing & Urban Dev.*, 785 F.2d 152 (6th Cir. 1986).  In the *Selden* case, the court applied employment discrimination criteria, *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to Title VIII fair housing claims.  *Selden*, 785 F.2d at 159.  For claims under the Fair Housing Act, a plaintiff initially bears the burden of establishing a *prima facie* case of discriminatory conduct on the part of the defendant and may only do so by satisfying all of the following four required elements:

> (1) That he or she is a member of a racial minority;
> (2) That he or she applied for and was qualified to rent or purchase certain property or housing;
> (3) That he or she was rejected; and
> (4) That the housing or rental property remained available thereafter.

*Id.*  Once a plaintiff has satisfied these four elements and established a *prima facie* case, the burden then shifts to the defendant to articulate a legitimate, undiscriminatory reason for the defendant's action.  *Id.* at 160.  If the defendant articulates such a reason, the plaintiff then has the opportunity to show beyond a preponderance of the evidence that the defendant's reasons are a mere pretext. *Id.*

In this case, the Magistrate Judge found that Plaintiff satisfied elements (1), (3), and (4) of the *prima facie* case.  Plaintiff is an African-American, a member of a racial minority.  Plaintiff was denied housing in the Terraces complex.  Lastly, the property remained available immediately after

Plaintiff's rejection, though it may have been for only a small duration of time until the unit was next leased by the property's owner.

The Magistrate Judge found, however, that Plaintiff had failed to satisfy element (2), because Plaintiff's criminal record contained felony convictions in the five years preceding the lease, rendering Plaintiff unqualified to rent the property as stated in the terms of the Purchaser Information Booklet.

After a *de novo* review of the issue, this Court agrees with the reasoning and analysis of the Magistrate Judge. It is undisputed that Plaintiff has certain felony convictions. These felony convictions render Plaintiff unqualified to rent a unit at the Terraces condominium complex. This felony requirement is neutral with regard to race and has not been shown to be otherwise impermissible. Plaintiff was initially permitted to reside at the complex and was only later asked to leave after the criminal record check was conducted. Plaintiff even concedes that other African-Americans reside in the Terraces complex. *See* Pl.'s Dep., Def. McKinley Mot. Sum. Judg., Exh. B, pp.148-149 (Sept. 21, 2006). Consequently, there is no genuine issue of material fact and as a matter of law, Plaintiff has failed to establish a *prima facie* case for discrimination. Accordingly, Plaintiff's claim of Fair Housing Act violations should be dismissed.

Plaintiff attempts to create an issue of material fact by arguing that the Magistrate Judge did not conduct a sufficient inspection into documents referenced by Plaintiff's motion to compel. In so doing, Plaintiff urges this Court to engage in extensive discovery in an attempt to discover some kind of discriminatory pattern in the approval/rejection process for condominium applicants. It is undisputed that Plaintiff's criminal background release form provided by Defendants did not specify or require any racial information. In her Report and Recommendation, the Magistrate Judge

indicates that she conducted an *in camera* inspection of 50 to 100 forms used by the condominium complex for other applicants on a routine basis, and that no racial identification was contained on any form. Plaintiff's request that the Court conduct a fishing expedition into the identities of all condominium applicants, racial classifications, and criminal background inquiries is baseless and unwarranted. Plaintiff has submitted no evidence that Defendants engaged in a pattern of racial discrimination. Plaintiff was not denied a lease at the Terraces complex because of race, but because she was unqualified to occupy the unit due to her previous felony convictions.

In conclusion, Plaintiff has failed to establish a *prima facie* case of discriminatory conduct. There is no genuine issue of material fact and as a matter of law, summary judgment in favor of Defendants on Plaintiff's alleged Fair Housing Act violations is appropriate.

In the Report and Recommendation, the Magistrate Judge also correctly concluded that since Plaintiff had failed to establish a case of discriminatory conduct on the part of Defendants, there is no viable claim for civil conspiracy. The Magistrate Judge's reasoning is sound, and accordingly, summary judgment in favor of Defendants on Plaintiff's civil conspiracy claim is appropriate.

The Magistrate Judge further concluded that Plaintiff's claims against the municipal Defendants (the City of Taylor, the Taylor Police Department, and Corporal MacDonald) fail because these municipal Defendants did not own or manage the condominium unit. The municipal Defendants merely ran the criminal background check when requested by the condominium manager. The Magistrate Judge also noted that claims against the Taylor Police Department as a separate entity are not possible, and that the claims against the City of Taylor must be dismissed because there is no evidence of an unconstitutional policy, custom, or practice. *See Monell v. Dep't of Social Services*, 436 U.S. 658 (1978). After a *de novo* review, the Court finds that the reasoning

of the Magistrate Judge is sound and her conclusions are correct, and that summary judgment in favor of Defendants on Plaintiff's § 1983 claims against the municipal Defendants is appropriate.

## IV. Conclusion

Plaintiff's claims against the remaining Defendants are suitable for dismissal. Plaintiff has failed to establish a *prima facie* case of discrimination because she was not qualified to rent the condominium unit. Plaintiff has submitted no evidence that creates a general issue of material fact concerning possible discriminatory behavior on the part of Defendants. In addition, Plaintiff's claim of civil conspiracy fails as a matter of law. Furthermore, Plaintiff's § 1983 claims against Defendants fail because, among other reasons, there is no policy, custom, or practice of discriminatory behavior. In conclusion, there is no genuine issue of material fact and Defendants are entitled to summary judgment as a matter of law.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's objections to the Magistrate Judge's Report and Recommendation [docket entry #88] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry #86] is **ACCEPTED and ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment [docket entries #57] are **GRANTED**.

**SO ORDERED.**

Dated: __July 26, 2007__             s/Paul V. Gadola_____
                                                   HONORABLE PAUL V. GADOLA
                                                 UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on ___July 26, 2007___ , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Gerald C. Davis; Mark S. Demorest; John H. Dise, Jr.; Angela Harmon-Kuhl; Michael Mauro; Natalie C. Najarian; Gina U. Puzzuoli; David J. Yates_____, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____.

s/Ruth A. Brissaud_____
Ruth A. Brissaud, Case Manager
(810) 341-7845